UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAFAEL L. WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA CHICO, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-166-JD-MGG |

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Walker alleges that on March 10, 2020, he was assaulted and injured by a correctional officer. ECF 1 at 3. (This alleged assault is the subject of another lawsuit, *Walker v. Stone*, No. 3:21-cv-827-DRL-MGG (N.D. Ind. filed Oct. 27, 2021)). Following the assault, he went to the medical services unit where he complained that he could not feel his hands, his hands hurt, and they were bleeding. ECF 1 at 3. He also reported that he was suicidal and wanted to hang himself. *Id.* Walker alleges that RN Suzanne Webster

did not treat his hand injuries, telling him instead to "man up" and calling him a "check-in." *Id.* She reported the suicide threat to Dr. Christina Chico, who decided not to place him on suicide watch. *Id.* Walker alleges that when he returned to his cell, he attempted to hang himself using a rope that was hanging in his cell. *Id.* He further alleges that he was not given pain medication or otherwise treated for his hand injuries for 10 days after the injury. ECF 1 at 4.

Walker attaches a summary of the events at the medical unit, which appears to have been written by Nurse Webster. ECF 1-1 at 3. In it, Nurse Webster stated that she did not believe his threats of suicide and thought he made the threat to avoid going to a lock-up unit following the altercation with staff members. *Id.* She explained that this was the third time he had been in medical that day, and the two other times he had no complaints of suicide. *Id.* Nurse Webster details the encounter from when he was first brought to medical to be treated after he was maced during the initial altercation with staff:

> . . . [Walker] was more concerned that he would be going to a lock up unit. He was trying to bargain with corrections. At that time he refused to answer questions for the seg screen. He was taken for a shower. After the shower, he was brought back to nsg—wanted medical tx. Stated could[n't] feel hands. Then he changed his mind. Said don't waste nurses time. No more than turned around to leave and he was back. Now he was suicidal. I told him that I did not believe him. I told him I believed it was a check in d/t he did not want to go to D cell house. Told him he had been here x 2 and no c/o suicide. Now suicide. Placed in holding cell. Ms. Chico was called. Information given. No new suicide orders.

ECF 1-1 at 3. After Dr. Chico did not give an order for suicide watch, Walker was sent to lock-up. *Id.* Within 15 minutes, Walker returned to the medical unit because he was sprayed with mace after he was observed in his cell with "a string around his neck." *Id.* The nurse called Dr. Chico again, and Walker was placed on suicide watch. *Id.*

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably.

*Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010).

The complaint does not state a claim regarding the suicide attempt because Walker's allegations do not cast doubt that the medical professionals exercised professional judgment in determining he did not make a credible suicide threat. Medical staff are not required to credit a prisoner's suicide threats based solely on the prisoner's assertion that he is suicidal. *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("A guard who reasonably disbelieves a prisoner's assertion is not liable just because it turns out to have been true."). Here, Nurse Webster's report lays out why she did not believe Walker's reports of feeling suicidal. Nothing in Walker's complaint contradicts or casts doubt upon the reasonableness of her logic, even if he did later try to hang himself. This does not state a claim for deliberate indifference.

Nor does the complaint state a claim based on the treatment of Walker's hand injuries. In the complaint, Walker does not address Nurse Webster's statement that he withdrew his complaints about his hand injuries or otherwise suggest it was apparent that his injuries were serious or needed immediate treatment. Although the court accepts as true the allegations in Walker's complaint, *see Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013), nothing he says contradicts Nurse Webster's account of the events in the medical unit. Based on the allegations in the complaint and attached exhibits, Walker does not state a claim for deliberate indifference to his hand injuries.

This complaint does not state a claim for which relief can be granted. Nevertheless, Walker may file an amended complaint if he believes he can state a claim

4

based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Rafael L. Walker until **May 20, 2022**, to file an amended complaint; and

(2) CAUTIONS Rafael L. Walker if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 15, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT