UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAFAEL L. WALKER,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-166-JD-JPK

CHRISTINA CHICO, et al.,

    Defendants.

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, is proceeding in this case "against Sgt. Jeremiah Stone in his individual capacity for compensatory and punitive damages for placing him in a cell with a string hanging down and telling him to kill himself despite knowing about Walker's threat to commit suicide in violation of the Eighth Amendment[.]" ECF 13 at 8.[1] Sgt. Stone filed a motion for summary judgment, arguing Walker did not exhaust his administrative remedies before filing suit. ECF 31. Walker filed a response, and Sgt. Stone filed a reply. ECF 36, 37. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

---

[1] Walker is also proceeding on claims against two Medical Defendants, but they have not moved for summary judgment.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was

effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Sgt. Stone argues Walker did not exhaust his administrative remedies because he did not file or attempt to file a formal grievance related to his allegations in this lawsuit. ECF 32 at 5. In his response, Walker argues the grievance office made his administrative remedies unavailable because he submitted several grievances related to Sgt. Stone's conduct which were rejected by the grievance office without any explanation. ECF 36 at 3-5, 10-12. Specifically, Walker provides evidence he submitted a grievance on March 27, 2020, asserting that Sgt. Stone pushed him into a dirty cell with a string hanging down and told him to kill himself. *Id.* at 11; ECF 36-1 at 6. Walker asserts this grievance was rejected and returned to him by the grievance office without any explanation. ECF 36 at 11. In his reply, Sgt. Stone argues that Walker was required to correct and resubmit his rejected March 27 grievance within five business days of its rejection by the grievance office. ECF 37 at 2-3. But it is unclear what corrections Walker was expected to make to his rejected March 27 grievance, as he asserts it was rejected without

3

explanation. Sgt. Stone argues that the records submitted by Walker refute his claim that his March 27 grievance was rejected without explanation, and rather show he was provided with a "Return of Grievance" form explaining why the grievance was rejected. ECF 37 at 3; *see* ECF 36-1 at 9. But Walker submitted several grievances during that time period, and there is no indication that the "Return of Grievance" form referenced by Sgt. Stone relates to Walker's March 27 grievance. *See* ECF 36-1 at 6-9. Thus, because Sgt. Stone provides no evidence refuting Walker's evidence that his March 27 grievance was rejected and returned by the grievance office without any explanation, the court accepts that as undisputed.

Accordingly, the undisputed facts show the grievance office made Walker's administrative remedies unavailable by improperly rejecting his March 27 grievance without explanation. *See Dole*, 438 F.3d at 809. Therefore, Sgt. Stone has not met his burden to show Walker had available administrative remedies he did not exhaust prior to filing this lawsuit. His motion for summary judgment must be denied.

For these reasons, the court DENIES Sgt. Stone's motion for summary judgment (ECF 31).

SO ORDERED on May 5, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT